**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6565 W. Sunset Ave., Ste. 410
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
ANGEL SANTIAGO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL SANTIAGO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant(s). | Case No.: **'15CV153   CAB RBB**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]** |

**INTRODUCTION**

　　1.　ANGEL SANTIAGO (Plaintiff) brings this action to secure redress from Midland Credit Management, Inc. (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions alleged in this Complaint originated here as Defendant is located and transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Florida. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in San Diego, California. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. At all times relevant to this action, Defendant called Plaintiff for the purpose of collecting the alleged debt. However, the debt Defendant seeks to collect does not belong to Plaintiff, but to an individual named "George."

9. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's telephone numbers ending in 2053.

10.     During the past one (1) year, Defendant has called Plaintiff scores of times, often calling on a daily basis and multiple times a day anywhere from one to four times a day.

11.     Plaintiff has answered several of Defendant's calls and advised that Plaintiff is not "George" and will not make payment on the alleged debt due to this fact.

12.     Plaintiff has further advised Defendant to cease placing its calls seeking to speak with and ultimately collect the alleged debt from "George."

13.     Notwithstanding, Defendant continued to call Plaintiff's telephone on a daily basis.

14.     As a result, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff as Defendant.

15.     As a result, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

### FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a)     Defendant violated §1692d by engaging in conduct the natural consequence is the abuse, annoyance or harassment of Plaintiff;

(b)     Defendant violated §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

18. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

(c) Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3);

(d) For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2015     **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*

- 4 -

COMPLAINT FOR DAMAGES